QUESTION: Does the Sunshine Law prohibit the use of coded symbols at a public meeting in order to avoid revealing the names of applicants for the position of city manager?
SUMMARY: The Sunshine Law prohibits the use of coded symbols at a public meeting in order to avoid revealing the names of applicants for the position of city manager. Pursuant to s. 8, Ch. 22408, 1943, Laws of Florida, the City Commission of the City of New Smyrna Beach is empowered to appoint a chief administrative officer to be known as the "city manager." The city manager holds office at the pleasure of the city commission. Section 28, Ch. 22408. Your specific question involves the powers and duties of the city commission as the same relate to the hiring of a new city manager. Florida's Government in the Sunshine Law, s. 286.011, F. S., requires that all discussions between two or more members of a covered board or agency on which foreseeable action may be taken by the entire board or agency occur at a properly noticed and recorded public meeting. In Marko v. Broward County School Board, 26 Fla. Supp. 175, 179 (Cir.Ct. Broward County, 1971), the court stated the following regarding the use of codes by a public body at a "sunshine meeting": Clearly, the Sunshine Law was violated within its terms and the decisions interpreting the act when on February 18, 1970, the board deliberated by the use of secret coded symbols representing the names of persons then under consideration for the position of county superintendent of public instruction, the names, identities and full qualifications of such person being withheld from the public. The notice of the meeting by the chairman to the board members stated that applicants would be referred to by number and that names would not be released, and attached to the notice was a list of coded symbols. The notes of the meeting itself disclose a full and spirited discussion, pro and con, by the board members of this method of selection. By the use of such coded symbols the meeting was not "open to the public at all times," and public scrutiny and participation were denied. Such deliberations were violative of the statute, and when on March 19, 1970, as a result of the above meeting and of the prior meeting with Dr. Willis on January 23, 1970, which was out of the presence of the public, the board appointed him to the position of superintendent, its action became not binding and voidable. Similarly, in State ex rel. Crago v. Hunter, Case No. 75-515 (Cir.Ct. Indian River County, 1975), the court enjoined a school board from utilizing codes during collective bargaining negotiations and required the board to conduct such sessions in such a manner that "a person of reasonable intelligence and reading ability, listening to the negotiations, can comprehend what is transpiring." This office in AGO 073-264 advised the members of a local personnel board that they could not vote by secret ballot during a hearing concerning a public employee. Specifically noted in that opinion was s. 286.012, F. S., which requires that at any meeting "at which an official decision, ruling, or other official act is to be taken or adopted . . . a vote shall be recorded or counted for each such member present." (Emphasis supplied.) Attorney General Opinion 071-32 expressed the view that if at any time during a public meeting the proceedings become covert, secret, or not wholly exposed to the view and hearing of the public and news media, then that portion of the meeting becomes violative of the statutory requirement that the meeting be at all times public. While the Supreme Court in Bassett v. Braddock,262 So.2d 425 (Fla. 1972), permitted a secret vote on the election of chairman of a school board, it also noted that any initial violation was cured by a corrective, open vote which followed. But see Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). Here, however, the use of coded symbols would appear to frustrate entirely the purpose of having the public meeting. The views of the members of the commission regarding the appointment of an important city official would be known only to the commissioners themselves. The Sunshine Law requires that the public be given the opportunity to attend an open, public meeting so that the views of its elected officials can be known. If codes at a public meeting were to be approved, the result would be a frustration of the public's right to have knowledge of, and thereby participate in, the decision-making process.